O. B. CRITTENDEN v. J. H. LEAVENWORTH.

UNLAWFUL DETAINER. *Right of action in State and its vendee.*
    Section 879 of the Code of 1880, which gives to "the State and each county" the right to bring "all actions to which individuals are entitled in a given state of case," thereby confers upon the State and its vendee the right to bring the action of "unlawful detainer" provided for in § 538 of the code.

APPEAL from the Circuit Court of Washington County.
HON. B. F. TRIMBLE, Judge.
On the 6th of March, 1882, certain lots of land situated in the town of Greenville were sold by the sheriff and tax collector for the taxes of 1881, and were struck off to the State. On the 7th of March, 1883, the lots not having been redeemed by the former owner, they were sold and conveyed by the auditor of public accounts to O. B. Crittenden. On the 31st day of March, 1883, Crittenden brought an action of unlawful detainer, in a justice of the peace's court, against J. H. Leavenworth, to obtain possession of these lots. The case was appealed to the circuit court. In the trial there the plaintiff offered to read in evidence the auditor's deed convey-

ing the land to him, but the defendant objected on two grounds :
(1) "that under § 538, Code 1880, the word "*purchaser*" at a
sale for taxes applies only to individuals purchasing directly from
the tax collector at the tax sales made in March of each year, and
the State cannot become a purchaser within the meaning of §
538, so as to entitle its vendee to the action of unlawful detainer ;"
and (2) "that if the State can become a purchaser and its vendee is
entitled to the action of unlawful detainer, then this suit is prema-
turely brought. The State's vendee's right of action would not
accrue until one year after his purchase from the State, whereas this
suit was brought within a few weeks after the plaintiff received his
deed from the State." The court excluded the deed from the evi-
dence and instructed the jury to find for the defendant.

The solution of the question here presented depends upon a
construction of the following sections of the Code of 1880 :

"Section 538. The purchaser of land at a sale for taxes, after one
year from the date of his purchase and within two years from such
date, and his vendee shall be entitled to bring the action of 'unlawful
detainer' for the recovery of possession of such land ; and a judg-
ment in his favor in said action shall be a bar to any action in any
court brought after one year from such judgment to controvert the
said title to said land."

"Section 897. The State, and any county, shall be entitled to the
remedy by action before justices of the peace, as provided in the
chapter on 'unlawful entry and detainer,' and in like manner the
State and each county shall be entitled to the benefit of all actions
to which individuals are entitled in a given state of case, but neither
the State nor any county shall be required to give bond in any
case."

*Leroy Percy*, for the appellant.

We claim our right to bring this action not because we are a
purchaser of land at a sale for taxes, as it has frequently been held
we are under § 536, Code 1880, but as we just as clearly are not
within the meaning of § 538, but because we are a vendee from
the State, who was a purchaser at a sale for taxes, and we are enti-
tled to recover because the action was brought after one year from

Opinion of the court.

the date of her purchase and within two years from such date. Therefore the judgment of the lower court should be reversed and cause remanded.

*Wm. Griffin,* on the same side, filed an elaborate brief discussing the questions involved in the case, and citing, in connection with the statute, *Cogburn* v. *Hunt,* 57 Miss. 681. The brief could not be condensed without destroying its symmetry and force.

*S. H. King,* for the appellee.

The action of forcible entry and unlawful detainer cannot be instituted by the vendee of the State within one year from the date of his purchase from the State, nor can it be instituted at all in such case. See Acts 1878, p. 48, § 43; p. 70, § 85; Code 1880, § 538. The court can readily perceive what parts are omitted of the old law in the code. As to effect of same, see *Weiner* v. *New Orleans R. R.,* 49 Miss.; Bacon's Abridgment, vol. 6, § 392, "New Jurisdiction;" *French* v. *State,* 42 N. Y. 763; *East Union Township* v. *Ryan,* Supreme Court of Pennsylvania, decided May 6, 1878.

*W. P. & J. B. Harris,* on the same side.

There can be no doubt as to the proper construction of § 538 of the Code of 1880 in the light of the Act of 1878, p. 48. See *R. R. Co* v. *Weiner,* 49 Miss. 725. Crittenden was not a purchaser of land at a sale for taxes within the meaning of § 538, Code of 1880, but a purchaser from the State, who under this section had no right to the action.

CAMPBELL, C. J., delivered the opinion of the court.

Section 897 of the Code of 1880 declares that " the State and each county shall be entitled to the benefit of all actions to which individuals are entitled in a given state of case," and secures to the State the right to bring " unlawful detainer " in the state of case provided for by § 538, and its vendee may bring this action as the State could.

*Judgment reversed, and cause remanded for a new trial.*